## OGDEN v. OFFERMAN.

### December 5, 1836.

*Rule to show cause why judgment, &c., for want of sufficient affidavit of defence.*

An affidavit of defence under the act of 28th March, 1835, should state facts with reasonable certainty, so as to exclude evasion or duplicity, and should omit no material element necessary to constitute a good defence.

Thus, in answer to a claim for rent on a lease, it is not sufficient that the defendant states, that the defendant, the lessee, has not occupied the premises, but the plaintiff, the lessor, has, for a part of the time, without stating the absence of consent on part of the defendant, or alleging ouster, eviction, surrender, or adverse interruption of possession, amounting to a suspension or forfeiture of the rent.

THIS was an action on a written lease, by plaintiff to defendant, of certain real estate, in which the defendant covenanted to pay a certain rent to the plaintiff in money. The plaintiff filed a copy of the lease, and the defendant according to the act of 28th March, 1835, filed an affidavit of defence, the substance of which was as follows, viz.: that "he, said defendant, had not occupied the premises for which the plaintiff claimed rent for the next preceding year or thereabouts; and from information he had received, he verily and truly believed, that the plaintiff had occupied the premises for which rent was claimed (during a greater portion of the period for which rent was claimed) from time to time, according to his convenience or wants."

The plaintiff obtained this rule to show cause.

*Price,* for the rule.
*I. Norris,* contra.

[Ogden v. Offerman.]

Cases cited : Hill *v.* Bramall, 1 *Miles* 352 ; Knox *v.* Reeside, *Ibid.* 294 ; Kessler *v.* McConachy, 1 *Rawle* 435, 441 ; Bennet *v.* Bittle, 4 *Rawle* 339, 343.

PER CURIAM.—An affidavit of defence should exhibit facts on which the law may be pronounced, with such reasonable certainty as to exclude the possibility of evasion or duplicity, and should leave nothing to inference as to the *facts* to be drawn by the court, which may be necessary to establish a defence. The act of assembly, which prescribes that the defendant shall state the "nature and character" of his defence, means, that he shall omit no material element necessary to constitute a legal answer to the plaintiff's demand.   This rule being the test, and applying it to this case, it is clear that the affidavit is defective.   In order to enable the defendant to resist this claim, he should have affirmatively stated such facts as are requisite in point of law to cause a suspension or forfeiture of the rent. This does not appear in the affidavit.   His allegation that he has not *occupied* the premises amounts to nothing.   The statement that plaintiff occupied them, does not say that such occupation was not permissive on his part or against his consent.   He alleges neither ouster or eviction, surrender or adverse interruption of possession.   All that the defendant states may be true, yet unless he negatives other conditions which may exist, his present allegations make up no defence.

Rule absolute.